**Rafael DeJESUS, Plaintiff,**

v.

**Police Officer Raymond O'CONNOR 30th PCT., and the City of New York, Defendants.**

**No. 94 Civ. 6356 (DAB).**

United States District Court, S.D. New York.

Sept. 5, 1995.

**132**

Rafael DeJesus, Warwick, NY, pro se.

Daniel J. Struck, Esq. The City of NY Law Dept., New York City, Barbara Susan Albom, Esq. Lysaght, Lysaght & Kramer, Lake Success, NY, for defendants.

*MEMORANDUM OPINION
AND ORDER*

BATTS, District Judge.

Rafael DeJesus, an incarcerated, *pro se* Plaintiff, brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Defendant Raymond O'Connor ("O'Connor"), a New York City Police Officer, and by Defendant City of New York ("City"). The City has filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Complaint against it for failure to state a claim. O'Connor has also moved to dismiss any state law tort claims asserted against him, arguing that they are barred by the applicable statute of limitations. For the following reasons, the motions are granted.

■ Plaintiff's Statement of Claim, filed on July 29, 1994, consists of the following:

As I was leaving my girlfriends [sic] apartment building in N.Y.C., I observed the Defendant trying to affect an arrest of someone. Suddenly the person broke free. At that exact moment, and even though I was with my girlfriend, the Defendant grabbed me and assaulted me. I injured my shoulder and required medical treatment at Presbyterian Hospital. The Officer shouted racial slurs during the attack. A violation of my civil rights. Following the beating I was arrested and charged with a felony. The events occurred August 3, 1992 in New York County at approx. 3:00 p.m. The attack was totally unprovioled [sic] and I in no way initiated the assault to which I received. Several tenants of the building as well as my girlfriend witnessed the attack. I have been incarcerated ever since. The Defendant at the time of this attack was employed as a Police Officer for the City of New York. (Compl. at IV).

"The Court must liberally construe the *pro se* complaint, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and the allegations therein 'should be construed favorably to the pleader.'" *Baker v. Cuomo,* 58 F.3d 814, 818 (2d Cir.1995), *quoting, Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even a liberal reading of the Plaintiff's Complaint

reveals that he has failed to state a cause of action against the City.

■ Municipal liability, under 42 U.S.C. § 1983, requires a showing that the constitutional deprivation complained of occurred pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[,]" or "pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decision-making channels." *Monell v. Department of Social Services*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978).

■ Plaintiff's Complaint fails to allege improper municipal policy, practice or procedure, official or otherwise, which caused the alleged civil rights violation. Nor does Plaintiff's Complaint give rise to an inference that O'Connor "possesse[d] final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986); *Blum v. Koch*, 716 F.Supp. 754, 760 (S.D.N.Y.1989); *see also St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988). The City is only implicated in the Complaint as O'Connor's employer. Municipal liability, however, cannot be based upon the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2035. As Plaintiff has not alleged a constitutional deprivation based on government policy or custom, the Complaint must be dismissed as to the City.[1]

■ With respect to O'Connor, Plaintiff's state law claims sounding in intentional tort must also be dismissed. Plaintiff alleges that the incident occurred on August 3, 1992. The Complaint, however, was not filed until July 29, 1994, nearly two years later. New York has a one year Statute of Limitations for intentional torts. C.P.L.R. § 215 (McKinney 1990). Thus, the state law claims asserted against O'Connor for assault, battery, or any other intentional tort covered by New York's one year Statute of Limitations, must be dismissed.[2]

It is therefore ORDERED that the motion to dismiss the Complaint for failure to state a claim against Defendant City of New York be and hereby is granted. It is further ORDERED that the motion to dismiss any state law intentional tort claims asserted against Defendant Police Officer Raymond O'Connor be and hereby is granted.

As to Plaintiff's claim, pursuant to 42 U.S.C. § 1983, against O'Connor the parties are hereby ordered to comply with the following schedule:

Except for good cause shown, all discovery must be commenced in time to be completed by October 31, 1995.

No party may request a pre-motion conference after November 11, 1995.

Memoranda of Law, Proposed Requests to Charge and Proposed *Voir Dire* shall be submitted by January 30, 1996.

By March 15, 1996, the Plaintiff is to provide the following to counsel for Defendant O'Connor:

(1) Plaintiff's assertions of fact

(2) A list of witnesses the Plaintiff proposes to call at trial;

(3) A list of documents or other exhibits that the Plaintiff proposes to use at trial to prove his case;

(4) A brief summary of the testimony of each prospective witness.

Following receipt of this material, counsel for Defendant O'Connor is to prepare the Joint Pre–Trial Order, in compliance with the Individuals Rules of this Court. Defendant O'Connor shall serve on Plaintiff, file with the Clerk's Office and submit two courtesy

---

**1.** Plaintiff's utter failure to respond to the City's motion, despite two written requests by the Court to do so, also warrants this result. *See* Local Rule 3(b), Local Rules for the Southern and Eastern Districts of New York; Deborah A. Batts, U.S.D.J. Individual Rules at ¶ 12 (failure to submit papers in opposition "may be deemed suffi-

cient cause for . . . the granting of the motion by default").

**2.** As with the City's motion, Plaintiff's utter failure to respond to O'Connor's motion also warrants dismissal of the state law intentional tort claims.

copies of the Joint Pre–Trial Order to the Court on or before April 30, 1996.